**KENTUCKY BAR ASSOCIATION,**
**Movant,**

v.

**David A. WEINBERG, Respondent.**

**and**

**Kentucky Bar Association, Movant,**

v.

**Deno C. Capello, Jr., Respondent.**

**and**

**Kentucky Bar Association, Movant,**

v.

**An Unnamed Attorney, Respondent.**

No. 2006–SC–0225–KB, 2006–SC–0226–KB, 2006–SC–0227–KB.

Supreme Court of Kentucky.

Aug. 24, 2006.

---

### OPINION AND ORDER

The Kentucky Bar Association brought these disciplinary proceedings against three attorneys: David Weinberg, Deno Capello, and an unnamed attorney (who the Board of Governors ultimately found not guilty of all charges). The Kentucky Bar Association consolidated the proceedings because the transactions and the client matter were identical in that all charges against Weinberg, Capello and the unnamed attorney arose from their representation of a single client, Scottsdale Insurance Company, on a single matter. The matter involved Scottsdale Insurance Company's referral of a subrogation case to Weinberg on December 8, 1993. At the time of the referral, Weinberg and Capello had a law firm in Lexington, Kentucky. The unnamed attorney worked for the firm of Weinberg and Capello while attending law school and later became an associate with the firm. The background, facts and ensuing charges are as follows:

### I. Background and Facts

Weinberg was admitted to the practice of law in the Commonwealth of Kentucky on September 1, 1972. Capello was admitted to the practice of law in the Commonwealth of Kentucky on October 30, 1987. The unnamed attorney was admitted to the practice of law in the Commonwealth of Kentucky on October 13, 1995.

The case that Scottsdale referred to Weinberg on December 8, 1993, involved a claim that a faulty waterbed heater caused a fire, which damaged a mobile home owned by Scottsdale's insureds, the Adamsons. The fire occurred on March 5, 1993. Shortly after Weinberg received the case,

he delegated it to Capello. Capello handled the case until 1995, when he delegated the case to the unnamed attorney.

Unaware that Weinberg had assigned the case to Capello, Scottsdale attempted to contact Weinberg on several occasions to receive an update on the status of its claim. Weinberg failed to respond to Scottsdale. Except for casual interoffice conversation, Weinberg, the senior attorney in the firm, did not supervise Capello or the unnamed attorney or monitor the progress of the case.

In January of 1995, Scottsdale finally learned that Capello had assumed responsibility for the case. Capello waited until October, 1995, to file a complaint on behalf of Scottsdale's insureds, which alleged, in part, negligence and breach of warranty. By that time, however, the statute of limitations for the negligence claim had expired. From December, 1993, until October, 1995, Capello had no contact with Scottsdale and had sent only one letter to Scottsdale's insureds.

The unnamed attorney had assisted Capello with the case while employed with the firm but not yet admitted to the practice of law. Once the unnamed attorney was admitted in October 1995, Capello transferred total responsibility for the file to him. Meanwhile, the trial court dismissed the complaint in its entirety based on the statute of limitations. But the unnamed attorney argued successfully that the warranty claim should be reinstated. Unlike Weinberg and Capello, the unnamed attorney stated that he communicated with Scottsdale and attempted settlement negotiations.

Neither Weinberg nor Capello supervised or otherwise directed the unnamed attorney, who continued to handle the case until August, 1998, when he left the firm. Nine months after the unnamed attorney left the firm, Capello resumed responsibility, although he ignored various requests from Scottsdale for status reports. One year later, Scottsdale asked Weinberg and Capello to withdraw, which was six and one-half years after Weinberg received the file.

Weinberg and Capello did not maintain institutional controls, such as tickler systems, cover letters for transmitting copies of pleadings to clients, periodic review of files, or diary systems, in order to monitor and direct control over their files.

On February 27, 2002, the Inquiry Commission issued a three-count charge against Weinberg. On the same day, the Inquiry Commission issued a four-count charge against Capello. Seven months later, on September 27, 2002, the Inquiry Commission issued a three-count charge against the unnamed attorney and consolidated the three cases shortly after charging the unnamed attorney.

## II. Charges

A. Charges against David Weinberg, KBA File No. 8035

The Inquiry Commission charged Weinberg with three counts of professional misconduct. Count I alleged a violation of SCR 3.130–1.3, which requires a lawyer to act with reasonable diligence and promptness in representing a client. Count II alleged a violation of SCR 3.130–1.4(a) and (b), which require a lawyer to adequately communicate with his client. Count III alleged a violation of SCR 3.130–5.1(a), which requires a partner in a firm to "make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that all lawyers in the firm conform to the Rules of Professional Conduct" and SCR 3.130–5.1(b), which requires a supervisory lawyer to make reasonable efforts to ensure that the subordinate lawyers conform to the Rules of Professional Conduct.

B. Charges against Deno Capello, KBA File No. 8036

The Inquiry Commission charged Capello with four counts of professional misconduct. Count I alleged a violation of SCR 3.130–1.1, which requires a lawyer to provide competent representation to a client. Count II alleged a violation of SCR 3.130–1.3, which requires a lawyer to act with reasonable diligence and promptness in representing a client. Count III alleged a violation of SCR 3.130–1.4(a) and (b), which require a lawyer to adequately communicate with his client. Count IV alleged a violation of SCR 3.130–5.1(a), which requires a lawyer to "make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that all lawyers in the firm conform to the Rules of Professional Conduct," and SCR 3.130–5.1( b), which requires a supervisory lawyer to make reasonable efforts to ensure that the subordinate lawyers conform to the Rules of Professional Conduct.

C. Charges against the Unnamed Attorney, KBA File No. 9218.

The Inquiry Commission charged the unnamed attorney with three counts of professional misconduct. Count I alleged a violation of SCR 3.130–1.3, which requires a lawyer to act with reasonable diligence and promptness in representing a client. Count II alleged a violation of SCR 3.130–1.4(a) and (b), which require a lawyer to adequately communicate with his client. Count. III alleged a violation of SCR 3.130–3.2, which requires a lawyer to make reasonable efforts to expedite litigation consistent with the interests of the client.

### III. Proceedings before the Trial Commissioner

Under SCR 3.230, a Trial Commissioner was appointed. The commissioner con-

ducted an evidentiary hearing on March 23 and 24, 2005. After the hearing, the commissioner filed his report on August 17, 2005, and filed an amended report on September 19, 2005.

The commissioner found Weinberg guilty of violating SCR 3.130–5.1(a) and (b) for failing to implement institutional controls to marshal and monitor cases filed with his firm. But the commissioner found Weinberg not guilty of violating SCR 3.130–1.3 and SCR 3.130–1.4(a) and (b).

The commissioner found Capello guilty of violating SCR 3.130–1.3, SCR 3.130–1.4(a) and (b), and SCR 3.130–5.1(a) and (b), but not guilty of violating SCR 3.130–1.1.

The commissioner found the unnamed attorney guilty of violating SCR 3.130–1.3, SCR 3.130–1.4(a) and (b), but not guilty of violating SCR 3.130–3.2.

The commissioner recommended that Weinberg and Capello receive a public reprimand and that the unnamed attorney receive a private reprimand.

### IV. The Board of Governors

A. Decision and Recommendation for David Weinberg

Following a review of the commissioner's report, the Board of Governors of the Kentucky Bar Association found Weinberg guilty of violating SCR 3.130–1.3 by a count of 11 to 8; guilty of violating SCR 3.130–1.4(a) and (b) by a count of 11 to 8; and guilty of violating SCR 3.130–5.1(a) and (b) by a unanimous vote of 19 to 0.

After reviewing prior discipline records, which consisted of a private admonition in 1990, the Board recommended that Weinberg receive a public reprimand. The vote on the issue of punishment was 14[1] to 2 to

---

1. The Board's report provided that the vote was 13 to 2 to 3, but the minutes and certification of the Board's proceeding specified that 14 governors recommended public reprimand.

3, with 2 governors voting for public reprimand plus 8 hours of ethics training and 3 governors voting for a private reprimand.

B. Decision and Recommendation for Deno Capello

As to Capello, the Board found him not guilty by a unanimous vote of violating SCR 3.130–1.1, but guilty by a unanimous vote of violating SCR 3.130–1.3, SCR 3.130–1.4(a) and (b) and SCR 3.130–5.1(a) and (b).

After reviewing prior discipline records, which consisted of a private reprimand in 2000, the Board recommended that Capello receive a public reprimand. The vote on the issue of punishment was 17 to 2, with 2 governors voting for a public reprimand plus 8 hours of remedial ethics training.

C. Decision on the Unnamed Attorney

As to the unnamed attorney, the Board found him not guilty by a unanimous vote on all counts.

## V. Our Adoption of the Decision of the Board of Governors

 Neither Weinberg nor Capello nor the KBA filed a notice for review in this Court. Accordingly, under SCR 3.370(10), we adopt the decision of the Board of Governors. Although Capello did not file a notice of review, he has filed a motion regarding allocation of costs, which we will address in the assessment of costs section of our order below.

Therefore, it is ordered that David Weinberg be publicly reprimanded for his violations of SCR 3.130–1.3, SCR 3.130–1.4(a) and (b), and SCR 3.130–5.1(a) and (b). Moreover, it is ordered that Deno Capello be publicly reprimanded for his violations of SCR 3.130–1.3, SCR 3.130–1.4(a) and (b), and SCR 3.130–5.1(a) and (b).

It is further ordered that:

1. The unnamed attorney is not guilty of all charges in KBA File No. 9218.

2. David Weinberg and Deno Capello shall pay the costs of $5,952.93 for which execution may issue from this Court upon finality of the Opinion and Order. Capello filed a limited Notice of Review under SCR 3.370 seeking only review of the allocation of costs. This Court has reviewed the amended certification of costs and agrees with the KBA that they are indivisible costs incurred in prosecuting consolidated disciplinary proceedings against three associated attorneys involving the same nexus of proof. That one attorney was found not guilty of all charges by the Board does not mean that the attorneys who remain are paying for anything more than the cost of the proceedings against them. The KBA excluded the expense solely attributed to the unnamed attorney's costs. If the cases had not been consolidated under SCR 3.260, the costs would inevitably have been greater. That they were consolidated, however, does not require this Court to allocate or apportion costs. In this proceeding, there is simply no way to apportion costs based on relative fault, and any attempt by this Court to do so would be purely arbitrary.

All concur.

ENTERED: August 24, 2006.

/s/ Joseph E. Lambert
Chief Justice